HULL DOBBS COMPANY OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, Respondent; LUIS G. MARÍN ET AL., Interveners.

No. 21. Resubmitted February 6, 1961.—Decided February 14, 1961.

*B. Sánchez Castaño* and *R. Rivera Cervera* for petitioner. *Domingo Candelario* and *Roberto Rivera Escalera* for interveners and in turn for the Department of Labor.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Availing themselves of the special proceeding provided by Act No. 10 of November 14, 1917 (Spec. Sess. Laws, p. 216, 32 L.P.R.A. § § 3101 to 3113), Luis G. Marín and Pedro González filed a complaint in the District Court, San Juan Part, against the Hull Dobbs Company of Puerto Rico, to

claim compensation for being discharged without just cause. Said court sustained the complaint after the corresponding trial was held. Feeling aggrieved by this judgment, the defendant filed an appeal before the Superior Court, San Juan Part. In order to perfect this appeal a statement of the case was prepared and approved and the original records of the case were sent to the appellate court.[1] The defendant-appellant timely filed its brief [2] and moved that a date be fixed for the holding of a trial de novo relying on the provisions of § 11 of Act No. 10 of 1917, *supra*.[3] On June 9, 1959, the Superior Court affirmed the judgment appealed from and a copy of the notice thereof was filed in the records the following 16th of June. The defendant moved for reconsideration on June 17 and insisted in its motion to hold a trial de novo. On June 22 the Superior Court flatly denied the reconsideration, and a copy of this order was filed with the record the 26th of the same month. On July 28, the Hull Dobbs Company appealed to us by certiorari to review the judgment entered by the Superior Court. We issued the preliminary writit.

I

Before we discuss the fundamental issue involved in the appeal as to the availability of a trial de novo in appeals from judgments rendered by the District Court in cases conducted before the Superior Court pursuant to the special law regarding claims for services rendered, we shall decide two preliminary questions raised by the Secretary of Labor as counsel for the plaintiffs workers.

1. The proper proceeding to bring to the consideration of this Court the final judgments entered by the Superior Court in litigations regarding claims for wages originating in the District Court is the writ of certiorari referred to

---

[1] Rule 5 of the Rules for Appeals from the District Court to the Superior Court, 4 L.P.R.A. App. III, R. 5.

[2] Rule 7 of the ones cited in the footnote above.

[3] In its appropriate part said section reads as follows: "That in the hearing on appeal the trial shall be held *de novo*. . . ."

in Rule 15.1(a) of our Rules, and not the petition for review as maintained by the Secretary of Labor. Section 2 of Act No. 115 of June 26, 1958 (Spec. Sess. Laws, p. 281, 4 L.P.R.A. § 37) provides to this effect that: "Judgments rendered by the Superior Court in appeals coming from the District Court . . . may be reviewed by the Supreme Court by way of certiorari to be issued at its discretion, *and not otherwise*." (Italics ours.) The petition for review lies only in relation to final judgments entered by the Superior Court in civil suits originating in said court.

2. The Act does not fix a specific term for the filing of this petition for special certiorari.[4] In a similar situation and in relation to the classical certiorari, we have decided that it is impossible to apply by way of analogy the terms fixed by Rule 53 of the Rules of Civil Procedure of 1958, for the appeal or review of a judgment rendered in civil cases. (32 L.P.R.A., App. R. 53) and in view of the impossibility of judicially fixing a specific term it is necessary then to examine the facts in each case to determine (a) whether the delay in the filing of the petition is unjustified; (b) the harm that it might cost other persons; and (c) the effect that the granting or denial of the writ would have on the private and social interests involved. *People* v. *Superior Court*, 81 P.R.R. 874, 882 (1960) and the cases cited therein. After considering all the attendant circumstances—and specially, the importance of the issue raised and the fact that at the time of the filing of the petition for certiorari only forty days had elapsed after the return of service of the judgment had been filed in the record, and only thirty working days after flatly dismissing the motion for reconsideration—we find that the petitioner has not incurred in laches as to warrant the dismissal of the petition for certiorari.

---

[4] See the report from the Committee of Civil Procedure of October 8, 1960, to the Second Judicial Conference, pp. 17 and 49.

## II

 In relation to the judgments rendered by the District Court in cases concerning claims for services rendered, the special law regarding this matter provided since its approval on November 14, 1917 for an appeal to the Superior Court.[5] It provides that the appeal shall be taken within five days, that the original records of the case be transmitted to the appellate court, it grants a certain preference for fixing the date for "the hearing" and it provides that in the hearing on appeal "the trial be held *de novo*" and that the appellate court "after the introduction of the evidence" shall have the power to impose the payment of an indemnity or fee if it is satisfied that the said appeal was taken only for the purpose of delaying a compliance with the judgment.

In *Fog* v. *District Court*, 65 P.R.R. 150 (1945), when considering a way in which to compute the term of five days during which appeals shall be taken in a case of a claim for wages, it was held that the appeal provided by § 8 of Act No. 10 of 1917 was governed by the provisions of the Act of March 11, 1908 (Sess. Laws, p. 168), which regulated the appeals taken in ordinary civil suits from the former municipal courts to the district courts. See, also, *Pabón* v. *District Court*, 65 P.R.R. 842 (1946); *Sosa* v. *District Court*, 70 P.R.R. 59 (1949); *Rodríguez* v. *Fonalledas*, 71 P.R.R. 783 (1950). *Cf. Vando* v. *Municipal Court*, 65 P.R.R. 6 (1946) (ejectment). Likewise, in actions for wages, in order to determine whether an appeal to the Supreme Court from judgments rendered by the former district courts in claims originating in municipal court lies, § 295 of the Code

---

[5] Sections 8 to 11 of Act No. 10 of 1917, regarding this appeal and both included, have not undergone substantial changes since their original approval. The principal amendments consisted in extending from two to five days the term in which the appeal is to be taken, and in providing that said term be computed after notice of the judgment is served instead of after the date on which the judgment was entered, and in determining that to perfect the appeal the secretary shall transmit the original record of the case instead of a copy thereof. See Act No. 40 of April 1, 1935 (Sess. Laws, p. 238).

of Civil Procedure was invoked. *Ayala* v. *Martell*, 65 P.R.R. 106 (1945) ; *Avellanet* v. *Porto Rican Express Co.*, 63 P.R.R. 608 (1944) ; *Collazo* v. *District Court*, 61 P.R.R. 282 (1943). That is, that the deficiencies found in the special law regarding the appellate process have been overcome by the application of the general laws concerning this matter. *Secretary of Labor* v. *Superior Court*, 75 P.R.R. 792, 797 (1954).

According to the provisions of the Act of March 11, 1908, which regulated the appeals from judgments of municipal courts to the district courts, once the action is set for hearing in the district court, it was held as a trial de novo. The Judiciary Act of 1952 [6] eliminated this trial de novo as part of the appellate procedure which is now governed by the rules adopted by the Supreme Court on October 7, 1952, and which took effect on October 15 of the same year. 4 L.P.R.A. App. III. These rules provide for a means by which the appellate court will have before it the allegations and the evidence presented in the District Court. By means of the statement of the case or the transcript of the evidence, and the recording of the proceedings, the Superior Court is in an adequate position to decide the appeal.

It is true that in § 11 of the special law regarding claims for services rendered, reference is made to the fact that in the hearing on appeal "the trial shall be held *de novo*" and to the "introduction of the evidence," but we cannot interpret these provisions isolatedly and apart from the rules of procedure which the legislator has provided in order to guarantee the litigants in a lawsuit a speedy and economic trial. We must reject the literal interpretation propounded by the petitioner since it only leads to unreasonable and undesirable

---

[6] Section 19 of Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30) provides that the right of appeal from any final judgment of the District Court to the Superior Court is established; that the procedure on appeal shall be in accordance with the rules established by the Supreme Court; and that "the appeal shall be by way of review of the judgment or action of the court from which the appeal is taken and shall not be by way of trial *de novo*."

consequences. *Cf. Clínica Juliá* v. *Secretary of the Treasury*, 76 P.R.R. 476, 486 (1954). One of the main purposes of the special law regarding claims for wages is to provide the workers with a simple, speedy and economic proceeding to prosecute their claims for services rendered. *Jaume* v. *District Court*, 61 P.R.R. 163 (1942). We do not understand how it can be maintained that the trial de novo having being eliminated on appeal, even in criminal cases, the legislator should have intended to preserve it in claims for wages, with all the expenses and the delay which it entails. The report of the Drafting Committee on Judiciary Act of 1952 [7] sets forth in unequivocal language that it "establishes a new and distinctive pattern for reviewing final judgments of the lower courts of the Commonwealth." And it adds in clear and precise terms that "*the long tradition* of the trial de novo in the former District Courts, with a full array of witnesses and full hearing of evidence anew is hereafter to be avoided, so judgments are made reviewable only by appeal *upon the record made below.*" (Italics ours.) Thereafter, when referring to the district courts as courts of record—a valuable contribution to the judicial structure—it repeats that "the review is by appeal and not retrial" and it provides for the mechanical recording of the proceedings for the statement of the case or the transcript of the evidence.

In *Rivera* v. *Quiñones*, 70 P.R.R. 297 (1949), we denied a motion for a trial de novo to be held before this Court in an appeal of an action for wages pursuant to the special proceeding, although the law provides that in said appeal the same procedure will be followed as the one established for

---

[7] 4 L.P.R.A. § 122 note. Although it is not a legislative report as such, we believe it is appropriate to consider it in order to determine the legislative intent since the Legislative Assembly considered it and adopted the bill drafted by said committee almost entirely. *Cf. People* v. *Miranda*, 79 P.R.R. 667 (1956); *Petrovich* v. *Secretary of the Treasury*, 79 P.R.R. 237 (1956); *People* v. *Figueroa*, 77 P.R.R. 175 (1954); *Downs* v. *Porrata, Pros. Atty.*, 76 P.R.R. 572 (1954); *People* v. *Superior Court*, 75 P.R.R. 501 (1953).

the appeals from the district courts to the superior courts. It was said therein: ". . . The reason for granting a trial *de novo* on appeal before the district courts is because municipal courts are not courts of record, and if the trial *de novo* were not held in the district court, there would be no available means to review the judgment of the municipal court, unless the appeal were limited to the pleadings. . . ." The situation adduced in order to justify the holding of a trial de novo does not actually exist, since as we have set forth above, the rules adopted by this Court for the appeals from the District Court to Superior Court provide an adequate means which allows for an impartial consideration of the facts and of the allegations brought before the respondent court.[8]

In the delicate process of the interpretation of the laws, the judicial power has imposed upon itself certain limitations as an outgrowth of the doctrine of the separation of powers. This attitude has been properly considered as "a rule of judicial honor." *Clínica Juliá* v. *Secretary of the Treasury*, *supra*. The deep respect which we have for the legislative intent obliges us, in certain specific occasions, to supply the oversights which it may have committed. There is no doubt that in the case at bar it was the legislative intent to abolish the trial *de novo in all proceedings*, irrespective of the ordinary or special nature thereof.[9]

Therefore, the respondent court did not err in refusing to grant the trial de novo requested.

[8] It is significant that in the case at bar, the petitioner, Hull Dobbs Co., availed itself of the procedure established in said rules, and that at the time of perfecting its appeal before the Superior Court it made use of the summary of the case prepared by the judge of the district court and it demanded and sent the original records of the case to the court. Thereafter it also complied with the rule providing for the filing of the brief.

[9] We wish to explain that the foregoing does not affect the trial de novo to review the acts of officers or administrative boards, in those cases where it is appropriate. Section 14 (d) of Act No. 115 of June 26, 1958 (Sess. Laws, p. 281, 4 L.P.R.A. § 37); *Medina* v. *Pons*, 81 P.R.R. 1 (1959).

## III

■ The interveners, Marín and González, were the sales manager and the assistant manager, respectively, of petitioner's company. The latter maintains that as the interveners are executives, they do not have the right to receive any compensation for discharge without just cause pursuant to the provisions of Act No. 50 of April 20, 1949 (Sess. Laws, p. 126, 29 L.P.R.A. § 183). Petitioner's contention is wrong.

Said provision grants an indemnity to "every employee of a commercial establishment or industry or other lucrative business, whose services are contracted for without a definite term." When extending its benefits to every employee of a lucrative business, the lawmaker did not make any distinction whatsoever between the different kinds of employees, and therefore, those who occupy executive positions are not excluded. A similar allegation as to the right of executives to avail themselves of the provisions of Act No. 10 of 1917 to prosecute their claims was rejected in *Doyle* v. *Polypane Packaging Co.*, 80 P.R.R. 218, 222–224 (1958).[10] We have nothing to add to what was set forth therein.

By virtue of the reasons set forth above, the writ issued shall be discharged.

Mr. Justice Pérez Pimentel did not participate herein.

---

[10] Cf. *Rodríguez* v. *District Court*, 65 P.R.R. 576 (1946); *Sierra* v. *Long Construction Co.*, 76 P.R.R. 391, 394.